1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| TROY E BELCHER, | |
|---|---|
| Plaintiff, | CASE NO. C11-5992 BHS-JRC |
| v. | REPORT AND RECOMMENDATION |
| JEFF MODLIN et al., | NOTED FOR: OCTOBER 19, 2012 |
| Defendants. | |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Defendants have filed a motion asking that the Court grant them summary judgment (ECF No. 16). Plaintiff has not responded and the time for filing and response has past. After reviewing the file, the Court recommends granting defendant's motion and revocation of in forma pauperis status for purpose of appeal because plaintiff has not shown a constitutional

REPORT AND RECOMMENDATION - 1

violation and because plaintiff has failed to demonstrate that defendants' actions were a substantial departure from accepted professional judgment, practice, or standards. This action involves a verbal altercation between plaintiff and another resident at the Special Commitment Center on McNeil Island. The altercation allegedly arose over plaintiff's phone use. Defendants allege that plaintiff was monopolizing the phone. In the complaint plaintiff alleges that the other resident "attempted to attack him." (ECF No. 5). Plaintiff claimed violations of his Eighth, First, and Fourteenth Amendment rights (ECF No. 5).

In the motion for summary judgment, defendants have clarified that the altercation between plaintiff and another resident was verbal and not physical, and that the sanctions for plaintiff's misconduct included restrictions on plaintiff's use of the telephone and unit restrictions (ECF No. 16 to 19).

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(a) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Once the moving party has met its initial burden, Rule 56 (e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

DISCUSSION

Defendants have submitted evidence in the form of affidavits that show that there was no physical altercation or physical injury to the plaintiff in this case. Plaintiff has not contradicted defendants' assertions of fact.

Plaintiff's verbal altercation with another resident fails to implicate a constitutionally protected right. Alleged verbal harassment or abuse is not sufficient to establish a constitutional violation under 42 U.S.C. §1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983*), cert. denied* 464 U.S. 998 (1983).  Without a physical assault and injury, plaintiff's Eighth Amendment claim fails.

Plaintiff challenges phone and unit restrictions that defendants placed on him after his altercation with the other resident (ECF No. 5, complaint page 3). Defendants explain that plaintiff has a history of rule infractions and non-cooperation with supervision that includes misuse of the phone on prior occasions (ECF No. 18, declaration of Cathi Harris ¶ 2). Defendants state that "Belcher has a pattern of monopolizing the unit telephone creating tension among the other residents on his living unit." *Id*.

Plaintiff has not responded to the motion for summary judgment. Therefore, defendants' assertions of fact are uncontested. Defendants assert that they employed therapeutic intervention to encourage residents to engage in pro-social behavior. Mental health treatment decisions are presumed valid; plaintiff must show a substantial departure from accepted professional judgment, practice, or standards in order to state a claim based on a specific action taken in relation to treatment.  *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).  Since plaintiff has not

1  submitted any evidence to contradict defendants' evidence, the Court will accept the
2  uncontradicted evidence submitted as true.
3        Thus, the sanctions that were leveled after this incident were the result of an exercise of
4  professional judgment in treating plaintiff. The defendants are entitled to summary judgment on
5  all claims.  The Court recommends granting defendant's motion for summary judgment. The
6  Court also recommends revocation of in forma pauperis status for the purpose of appeal.
7        Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have
8  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
9  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
10 review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit
11 imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on
12 October 19, 2012, as noted in the caption.
13       Dated this 27th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge